ISAAC P. FASSETT & als., *versus* JOHN GEYER & als.

An action of debt for the penalty provided for in the *Special laws of 1826, c. 417, and *Special laws of 1844, c. 105, cannot be maintained unless it appear that the persons prosecuting as the fish committee were duly sworn as is provided in the former Act.

ON EXCEPTIONS.

The facts sufficiently appear in the opinion.

*A. P. Gould*, for the plaintiffs.

*R. R. Sewall*, for the defendants.

TAPLEY, J. — This is an action of debt to recover a penalty. The plaintiffs claim to recover under the provisions of a special Act passed in 1826, entitled, "An Act to regulate the Alewive Fishery in Bristol," and an Act additional to said Act approved March 19, 1844.

At the trial, the defendants admitted all the allegations of fact in the plaintiffs' writ, and then introduced certain other evidence, all of which is reported.

* See opinion.

Fassett *v.* Geyer.

Upon the case as thus presented, the presiding Judge ruled, *pro forma*, "that the defence was not sustained, and that the plaintiffs were entitled to a verdict," whereupon the defendants submitted to a default, which is to be taken off if the ruling is erroneous.

The proceeding is to recover a penalty, and is prosecuted by the plaintiffs as a "fish committee," under the provisions of the Acts referred to.

The Act of 1826 provides for the choice of such a committee, and specifically enumerates their duties, one of which is, "that it shall be the duty of said fish committee to prosecute for all offences against the provisions of this Act, in any court of competent jurisdiction; and all penalties or forfeitures recovered shall enure one half to the use of said town of Bristol, and the other half to said committee." § 6. It is also provided, by the Act that, "the committee aforesaid shall be sworn to the faithful discharge of the duties required of them by law."

The Act of 1844, c. 105, is an Act additional to the Act of 1826, and provides that "no person shall be allowed to set or place any net, weir, seine, or other machine, in the Pemaquid river, or in or across any stream, creek, inlet or cove in said river, from the first day of May, to the first day of July, within one mile from the junction of the fresh stream with the river aforesaid, under the penalty of ten dollars for each and every offence," and that "all penalties or forfeitures under this Act shall be sued for and recovered, as is provided for in § 6 of the Act to which this is additional."

These Acts impose a penalty, provide a party prosecutor, and appropriate the penalty. No persons, except a committee thus chosen and qualified, can prosecute for the penalty.

Two qualifications are essential and indispensable to the performance of this duty; one, is the due election by the town, and the other, is the taking of the oath required by the Act. One may as well be dispensed with as the other.

Upon an examination of the case, it will be found that it is neither alleged, or proved, that the plaintiffs were ever sworn as required by the Act. No oath of any kind appears ever to have been taken by them. They were therefore not authorized to enter upon the duties of that office, and receive the benefits and emoluments to be derived from it. Whenever they do, it must be under the securities and obligations of the oath required by law. This view obviates the necessity of considering any other objection which may exist to the right of the plaintiffs to recover in this action. The plaintiffs were not entitled to a verdict as the case was presented, and the

*Exceptions are sustained, and the*
*default must be. taken off, and*
*the case stand for trial.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and BARROWS, JJ., concurred.